IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SEOUL TACO HOLDINGS LLC, SEOUL TACO LLC, SEOUL TACO STL LLC, SEOUL TACO CHESTERFIELD LLC, SEOUL TACO COLUMBIA LLC, SEOUL TACO CHICAGO LLC, SEOUL TACO HYDE PARK LLC, SEOUL TACO NAPERVILLE LLC, AND SEOUL TACO FOOD TRUCKS LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CINCINNATI INSURANCE COMPANY, THE CINCINNATI CASUALTY COMPANY, THE CINCINNATI INDEMNITY COMPANY, CINCINNATI FINANCIAL CORPORATION, THE CITY OF ST. LOUIS, AND FREDERICK ECHOLS, MD,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:20-cv-1249<br>)<br>)  State Court Case No. 2022-CC00943<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

NOW COME Defendants The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and Cincinnati Financial Corporation (collectively "the Cincinnati Defendants"), by and through their undersigned attorneys, Litchfield Cavo LLP, and for their Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. § 1332, state as follows:

### I. STATEMENT OF GROUNDS FOR REMOVAL

1.    This suit is an action in which this Court has original jurisdiction under 28 U.S.C. § 1332, because it is an action between citizens of different states and the amount in controversy

exceeds $75,000, exclusive of interest and costs. Thus, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

2.  Plaintiffs Seoul Taco Holdings LLC, Seoul Taco LLC, Seoul Taco STL LLC, Seoul Taco Chesterfield LLC, Seoul Taco Columbia LLC, Seoul Taco Chicago LLC, Seoul Taco Hyde Park LLC, Seoul Taco Naperville LLC, and Seoul Taco Food Trucks LLC (collectively "Plaintiffs") filed the underlying petition on May 13, 2020 in the Circuit Court for the City of St. Louis, Missouri. A copy of the petition is attached hereto and marked as "**Exhibit 1**."

3.  Plaintiffs seek declaratory relief under Missouri's Declaratory Judgment Act, section 527.010, RSMo. Specifically, Plaintiffs seek a judgment declaring that the Cincinnati Defendants are obligated to pay the full and actual amount of Plaintiffs' lost business income and extra expenses incurred because of the COVID-19 pandemic.

4.  The Cincinnati Defendants were served with a copy of the summons and complaint on August 14, 2020. A copy of the affidavit of service is attached hereto and marked as "**Exhibit 2**."

## II. DIVERSITY OF CITIZENSHIP

5.  A corporation is deemed to be a citizen of both the state of its incorporation and the place where it maintains its principal place of business. 28 U.S.C. §1332(c)(1).

6.  The Cincinnati Defendants are all corporations organized under the laws of the State of Ohio with their principal places of business in Ohio. They are citizens of Ohio.

7.  Seoul Taco Holdings LLC, Seoul Taco LLC, Seoul Taco Chesterfield LLC, Seoul Taco Columbia LLC, Seoul Taco Chicago LLC, Seoul Taco Hyde Park LLC, Seoul Taco Naperville LLC, and Seoul Taco Food Trucks LLC are all limited liability companies organized under the laws of the State of Missouri.

8. "Seoul Taco STL LLC" is not a limited liability company but, on information and belief, is an alias of Seoul Taco Food Hall STL LLC, which is a limited liability company organized under the laws of the State of Missouri. *See* **Ex. 1**, Complaint at ¶ 5 (indicating that all Plaintiffs are incorporated in Missouri).

9. Plaintiffs allege that they are all owned and operated by St. Louis restauranteur David Choi. **Ex. 1**, Complaint at ¶ 5. On information and belief, and based upon a search of public records and information submitted to the Cincinnati Defendants, David Choi is a citizen of Missouri and a member of Seoul Taco Holdings LLC, Seoul Taco LLC, Seoul Taco STL LLC, Seoul Taco Chesterfield LLC, Seoul Taco Columbia LLC, Seoul Taco Chicago LLC, Seoul Taco Hyde Park LLC, Seoul Taco Naperville LLC, and Seoul Taco Food Trucks LLC. On information and belief, Benjamin Choi is a citizen if Missouri and a member of Seoul Taco Columbia LLC and Seoul Taco Hyde Park LLC. On information and belief, Joseph Choi is a citizen of Missouri and a member of Seoul Taco Hyde Park LLC. On information and belief, Jacob Vehige is a citizen of Missouri and a member of Seoul Taco Hyde Park LLC. On information and belief, Steven Andreas is a citizen of Colorado and a member of Seoul Taco Hyde Park LLC.

10. On information and belief, and based upon a search of public records and information submitted to the Cincinnati Defendants, no member of Seoul Taco Holdings LLC, Seoul Taco LLC, Seoul Taco STL LLC, Seoul Taco Chesterfield LLC, Seoul Taco Columbia LLC, Seoul Taco Chicago LLC, Seoul Taco Hyde Park LLC, Seoul Taco Naperville LLC, or Seoul Taco Food Trucks LLC is a citizen of Ohio.

11. On information and belief, and based upon a search of public records and information submitted to the Cincinnati Defendants, Seoul Taco Holdings LLC, Seoul Taco LLC, Seoul Taco STL LLC, Seoul Taco Chesterfield LLC, Seoul Taco Columbia LLC, Seoul Taco Chicago

LLC, Seoul Taco Naperville LLC, and Seoul Taco Food Trucks LLC are all citizens of Missouri, and Seoul Taco Hyde Park LLC is a citizen of Missouri and Colorado.

12. Plaintiffs allege that Defendant City of St. Louis is a city in Missouri and that Defendant Dr. Frederick Echols is the Director for the St. Louis City Department of Health. **Ex. 1**, Complaint at ¶¶ 8-9. On information and belief, Dr. Echols is a citizen of Missouri. Plaintiffs allege that Dr. Echols issued orders that shutdown the Plaintiffs' restaurants in the City of St. Louis to in-person dining. **Ex. 1**, Complaint at ¶ 20. Defendants City of St. Louis and Dr. Frederick Echols ("St. Louis City Defendants") would ostensibly destroy diversity and prevent removal. However, the citizenship of the St. Louis City Defendants should be disregarded.

13. The St. Louis City Defendants are, at most, nominal defendants whose presence in this case may be ignored for purposes of determining jurisdiction and whose consent to removal is not needed. *Cf. Cascades Dev. of Minnesota, LLC v. Nat'l Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012). A nominal party is any party "against whom no relief is sought." *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002) (citation omitted).

14. Plaintiffs do not seek any relief against the St. Louis City Defendants. The Petition does not raise a justiciable controversy between Plaintiffs and the St. Louis City Defendants about the scope or application of the orders issued by Dr. Echols that prohibited on-premises dining. **Ex. 1**, Complaint at ¶ 20. Plaintiffs only seek declarations that the orders triggered "coverage under the Policy." **Ex. 1**, Complaint at ¶ 37. Plaintiffs do not even allege that the St. Louis City Defendants have any interest in the outcome of this case or that they will be impacted by the resolution of this dispute.

15. In addition, the St. Louis City Defendants may be deemed to have been fraudulently joined in this action for purposes of preventing removal. A party is deemed to be fraudulently

joined when "there is no 'reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Bradley Timberland Resources v. Bradley Lumber Co.*, 712 F.3d 401, 405 (8th Cir. 2013). When a party is fraudulently joined its consent to removal is not needed. *Id.* Moreover, its citizenship should be disregarded for purposes of removal. *See e.g., In re Genetically Modified Rice Litig.*, 618 F. Supp. 2d 1047, 1052 (E.D. Mo. 2009).

16. There is no reasonable basis on which to conclude that Missouri law can impose liability on the City of St. Louis or Dr. Frederick Echols in this case. Neither the City of St. Louis nor Dr. Echols is a party to the insurance contract. There is no actual, justiciable controversy between Plaintiffs and the St. Louis City Defendants. Plaintiffs only request relief against the Cincinnati Defendants. Therefore, the St. Louis City Defendants may be deemed to have been fraudulently joined and their citizenship should be disregarded for purposes of determining jurisdiction.

17. There is complete diversity of citizenship between Plaintiffs Seoul Taco Holdings LLC, Seoul Taco LLC, Seoul Taco STL LLC, Seoul Taco Chesterfield LLC, Seoul Taco Columbia LLC, Seoul Taco Chicago LLC, Seoul Taco Hyde Park LLC, Seoul Taco Naperville LLC, and Seoul Taco Food Trucks LLC and Defendants The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and Cincinnati Financial Corporation. Accordingly, removal is proper under 28 U.S.C. §1332, and this Court has jurisdiction over these proceedings.

### III. AMOUNT IN CONTROVERSY

18. Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89

(2014), and if contested, a court will determine whether the threshold is met by a preponderance of the evidence, *id.* at 88; *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002); *see also In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010). "The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are . . . ." *Id.* In other words, a defendant need only show that a fact finder could award more than $75,000. *Hartis v. Chicago Title Ins. Co.*, 656 F.3d 778, 781 (8th Cir. 2009). The defendant's burden is a pleading requirement, not a demand for proof. *Raskas v. Johnson & Johnson*, 719 F.3d 884, 888 (8th Cir. 2013).

19. Plaintiffs seek damages for lost business income and expenses related to seven separate restaurants that were all allegedly closed to on-premises dining for more than two months. **Ex. 1**, Complaint at ¶¶ 6, 27-29.

20. The Policy provides coverage for all scheduled locations on a 12-month actual loss sustained basis. **Ex. 1**, Complaint, Ex. A at p. 393-94. Plaintiffs' total estimated sales at all scheduled locations exceeds $8 million. **Ex. 1**, Complaint, Ex. A at p. 395.

21. The Plaintiffs allege that "[t]he general spread of the virus in the community, including in the Insured Premises, and the [stay-at-home order] have forced [Plaintiffs] to close its restaurants to the public for on-premise dining" and that "[t]he restaurants have been so closed since approximately March 16, 2020." Ex. 1, Complaint at ¶ 27. Plaintiffs seek a judgment declaring that Cincinnati Insurance "pay the full and actual amount of Plaintiffs' lost business income and extra expenses incurred." Ex. 1, Complaint at 11.

22. A fact finder could conclude that Plaintiffs' damages exceed $75,000.

23. Therefore, the amount in controversy exceeds $75,000.

## IV. PROCEDURAL REQUIREMENTS FOR REMOVAL

24. This is not an action described in 28 U.S.C. § 1445.

25. Because this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332, Defendants now remove this action to the United States District Court for the Eastern District of Missouri, pursuant to 28 U.S.C. §§ 1441 and 1446.

26. Venue is proper in the Eastern District of Missouri, pursuant to 28 U.S.C. § 1441(a), because this action was brought in the Circuit Court for the City of St. Louis, Missouri.

27. Defendants were served with Plaintiffs' Petition on August 14, 2020. Accordingly, this Notice of Removal is being timely filed under 28 U.S.C. § 1446(b).

28. In accordance with 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served on all parties, and a copy is being filed with the Clerk of the St. Louis City Circuit Court.

WHEREFORE, for the foregoing reasons, Defendants The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and Cincinnati Financial Corporation respectfully requests that this Court accept jurisdiction of this action.

**DEFENDANTS DEMAND TRIAL BY JURY.**

Respectfully Submitted,

**Defendants The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and Cincinnati Financial Corporation**

By:    /s/ Adam A. Field_____
Adam A. Field, #64846MO
LITCHFIELD CAVO LLP
222 S. Central Ave., Ste. 110
St. Louis, MO 63105
(314) 725-1227 (Phone)
(314) 725-3006 (Fax)
Field@LitchfieldCavo.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 14th day of September 2020, a copy of the foregoing was filed with the Court's electronic filing system and sent via e-mail to:

Richard M. Elias
ELIAS LLC
231 S. Bermiston, Suite 800
St. Louis, MO 63105
relias@eliasllc.com
*Attorney for Plaintiffs*

Robert H. Dierker, Jr.
Deputy City Counselor
Catherine Dierker
Assistant City Counselor
1200 Market Street
City Hall, Room 314
St. Louis, MO 63103
dierkerr@stlouis-mo.gov
dierkerc@stlouis-mo.gov
*Attorneys for Defendants*
*The City of St. Louis and*
*Frederick Echols, M.D.*

   /s/ Adam A. Field_____