UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SEOUL TACO HOLDINGS, LLC, et al., | ) |
| Plaintiffs, | ) No. 4:20-CV-1249 RLW |
| v. | ) |
| THE CINCINNATI INSURANCE CO., et al. | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion to Remand (ECF No. 11). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *In re Bus. Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993); *Manning v. Wal-Mart Stores East, Inc.*, 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. *Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator*, 561 F.3d 904, 912 (8th Cir. 2009); *City of Univ. City, Missouri v. AT & T Wireless Services, Inc.*, 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in

controversy exceeds $75,000.00, exclusive of interest and costs. *Manning*, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).

Where a defendant is joined solely to deprive federal courts of jurisdiction, however, such joinder is fraudulent and will not prevent removal. *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983). "The doctrine of fraudulent joinder allows a district court to assume jurisdiction over a facially nondiverse case temporarily and, if there is no reasonable basis for the imposition of liability under state law, dismiss the nondiverse party from the case and retain subject matter jurisdiction over the remaining claims." *Murphy v. Aurora Loan Servs., LLC,* 699 F.3d 1027, 1031 (8th Cir. 2012); *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 871 (8th Cir. 2002 ("Joinder is fraudulent and removal is proper when there exists no reasonable basis in fact and law supporting a claim against the resident defendants."). In other words, "it is well established that if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Iowa Public Service Co. v. Medicine Bow Coal Co.,* 556 F.2d 400, 406 (8th Cir. 1977); *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003). The removing party alleging fraudulent joinder bears the burden of proving the alleged fraud. *Manning,* 304 F. Supp. 2d at 1148.

"Nominal defendants are 'those against whom no real relief is sought....'" *Walsh v. Arbuckle*, No. 4:17-CV-00664-NKL, 2017 WL 4512586, at *2 (W.D. Mo. Oct. 10, 2017) (quoting *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002)); *see also Dumas v. Patel*, 317 F.Supp.2d 1111, 1113, n.5 (W.D. Mo. 2004) ("A nominal party has been defined as 'a party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects.' ")

(quoting *Black's Law Dictionary* 1145 (7th ed. 1999)). "[M]ost lower federal courts have limited the 'exception' for formal or nominal party defendants to situations in which it is clear that the defendant is not a necessary or an indispensable party as a matter of law, the party has nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." *Balling v. Bendickson*, No. 4:12-CV-860 CAS, 2012 WL 3715810, at *2 (E.D. Mo. Aug. 27, 2012).

## BACKGROUND

Plaintiffs Seoul Taco Holdings LLC, Seoul Taco LLC, Seoul Taco STL LLC, Seoul Taco Chesterfield LLC, Seoul Taco Columbia LLC, Seoul Taco Chicago LLC, Seoul Tact Hyde Park LLC, Seoul Taco Naperville LLC, and Seoul Taco Food Trucks LLC ("Plaintiffs") are a group of restaurants incorporated in Missouri and operating under the brand "Seoul Taco." Plaintiffs have operations in St. Louis County, Missouri; St. Louis City, Missouri; Columbia, Missouri; and several locations in Chicago, Illinois. (Petition, ECF No. 9, ¶¶5-6). Defendants The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company, and Cincinnati Financial Corporation (collectively "The Cincinnati Insurance Defendants") are an insurance conglomerate headquartered in Fairfield, Ohio. (Petition, ¶7). Defendant City of St. Louis is a city in the state of Missouri and Defendant Frederick Echols, M.D., is the Director for the St. Louis City Department of Health. (Petition, ¶¶8-9). Collectively, the Court refers to Defendant City of St. Louis and Dr. Echols as "the St. Louis City Defendants."

Plaintiffs brought this action under the Missouri Declaratory Judgment Act, §527.010, R.S.Mo., asking the Court to find that The Cincinnati Insurance Defendants are obligated to pay Plaintiffs for lost business income and extra expenses incurred due to the forced suspension of

operations at Seoul Taco's restaurants. (Petition, ¶¶1-2). Plaintiffs claim loss based upon the forced suspension of operations when the City of St. Louis, Missouri, St. Louis County, Missouri, Boone County, Missouri, Columbia, Missouri, the State of Illinois, and other government officials issued shut down orders for various businesses (including restaurants) to slow and/or prevent the spread of the coronavirus ("COVID-19")  (Petition, ¶1).

On September 14, 2020, The Cincinnati Insurance Defendants removed this action to federal court, contending complete diversity of citizenship exists between Plaintiffs Seoul Taco Holdings LLC, Seoul Taco LLC, Seoul Taco STL LLC, Seoul Taco Chesterfield LLC, Seoul Taco Naperville LLC, and Seoul Taco Food Trucks LLC and Defendants The Cincinnati Insurance Company, The Cincinnati Indemnity Company, and Cincinnati Financial Corporation. (Notice of Removal, ECF No. 1, ¶17; 28 U.S.C. §1332).  The Cincinnati Insurance Defendants further asserted that the amount in controversy exceeds $75,000. (Notice of Removal, ¶¶18-23).

The Cincinnati Insurance Defendants argue that the St. Louis City Defendants are, "at most, nominal defendants whose presence in this case may be ignored for purposes of determining jurisdiction and whose consent to removal is not needed."  (Notice of Removal, ¶13).  The Cincinnati Insurance Defendants maintain that Plaintiffs do not seek any relief against the St. Louis City Defendants and Plaintiffs' Petition does not raise a justiciable controversy regarding the scope or application of the orders issued by Dr. Echols prohibiting on-premises dining within the City of St. Louis.  (Notice of Removal, ¶14).  The Cincinnati Insurance Defendants contend that the St. Louis City Defendants may be deemed to have been fraudulently joined in this action for purposes of preventing removal and the St. Louis City Defendants should be disregarded for purposes of determining jurisdiction. (Notice of Removal, ¶¶15-16).

## DISCUSSION

The forum defendant rule, 28 U.S.C. § 1441(b)(2), allows a defendant to remove a civil action from state court to federal court based on diversity jurisdiction if none of the properly joined defendants are citizens of the state in which the original action was filed. "A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed." *Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992); 28 U.S.C. § 1441(b)(2).

In this case, there is no dispute that The Cincinnati Insurance Defendants are citizens of Ohio. (Notice of Removal, ¶¶5-6). None of the Plaintiffs are citizens of Ohio. (Notice of Removal, ¶10). In the Notice of Removal, The Cincinnati Insurance Defendants assert that Plaintiffs are citizens of either Missouri or Colorado. (Notice of Removal, ¶9).[1] The St. Louis City Defendants are citizens of Missouri. (Notice of Removal, ¶12). The Cincinnati Insurance Defendants concede that the St. Louis City Defendants "ostensibly destroy diversity and prevent removal." (Notice of Removal, ¶12). The only issue before the Court is whether the St. Louis

---

[1] "Plaintiffs allege that they are all owned and operated by St. Louis restauranteur David Choi. … David Choi is a citizen of Missouri and a member of Seoul Taco Holdings LLC, Seoul Taco LLC, Seoul Taco STL LLC, Seoul Taco Chesterfield LLC, Seoul Taco Columbia LLC, Seoul Taco Chicago LLC, Seoul Taco Hyde Park LLC, Seoul Taco Naperville LLC, and Seoul Taco Food Trucks LLC. On information and belief, Benjamin Choi is a citizen if Missouri and a member of Seoul Taco Columbia LLC and Seoul Taco Hyde Park LLC. On information and belief, Joseph Choi is a citizen of Missouri and a member of Seoul Taco Hyde Park LLC. On information and belief, Jacob Vehigeis a citizen of Missouri and a member of Seoul Taco Hyde Park LLC. On information and belief, Steven Andreas is a citizen of Colorado and a member of Seoul Taco Hyde Park LLC." (Notice of Removal, ¶9). Plaintiffs do not dispute their citizenship in their Motion to Remand (ECF No. 11) or Memorandum in Support of Motion to Remand (ECF No. 12).

City Defendants are nominal defendants who were fraudulently joined for purposes of destroying diversity and preventing removal of this action.[2]

In their Memorandum in Support of Motion to Remand, Plaintiffs claim that The Cincinnati Insurance Defendants have not met their substantial burden of showing that joinder of the St. Louis City Defendants has no basis in fact or law. (ECF No. 12). Plaintiffs maintain that the St. Louis City Defendants must be joined as defendants in this Missouri Declaratory Judgment Act action. (ECF No. 12 at 4-5). Plaintiffs note that the Missouri Declaratory Judgment Act "requires a plaintiff to join as a defendant not just adverse parties, but 'all persons... who have or claim any interest which would be affected by the declaration.'" (ECF No. 12 at 5 (citing § 527.110 R.S. Mo; Mo. R. Civ. P. 87.04)). Plaintiffs assert that the St. Louis City Defendants have "'an interest that would be affected by the declaration' interpreting and applying the shutdown orders" particularly because such an order may have "precedential effect" to other claims. (ECF No. 12 at 5 (quoting §527.110 R.S. Mo.)).

The Court finds that The Cincinnati Insurance Defendants have met their burden of demonstrating that joinder of the St. Louis City Defendants was pretensive and the Court should not consider them when determining if diversity of citizenship exists. The Cincinnati Insurance Defendants have shown that there is no controversy involving the St. Louis City Defendants. Plaintiffs allege that the St. Louis City Defendants issued orders in March 2020 prohibiting on-premises dining. (Petition, ¶20). The shutdown orders referenced in the Petition expired around the time this case was filed and were replaced with superseding orders allowing on-premises dining. See ECF No. 20-1; https://www.stlouis-

---

[2] Plaintiffs do not dispute that the amount in controversy for diversity jurisdiction has been met. 28 U.S.C. §1332; (Motion to Remand (ECF No. 11); Memorandum in Support of Motion to Remand (ECF No. 12); see ECF No. 18 at 3 ("It is undisputed that Plaintiffs seek more than $75,000 in damages under the policy of insurance.").

mo.gov/government/departments/health/communicable-disease/covid-19/documents/upload/FINAL-ORDER-NO-8.pdf and https://www.stlouis-mo.gov/government/departments/health/communicable-disease/covid-19/documents/upload/Phase-1-Reopening-Exhibit-F.pdf (last visited on December 9, 2020). Plaintiffs do not seek any relief from the St. Louis City Defendants, nor have Plaintiffs requested that this Court interpret the St. Louis City shutdown orders. Indeed, even though Plaintiffs name their restaurants which reside outside of St. Louis City as Plaintiffs, they do not name the government authorities responsible for the shutdown orders in their Petition, other than the St. Louis City Defendants.[3]

Plaintiffs argue that the St. Louis City Defendants are not nominal because "they are parties who have a direct interest in the interpretation and application of the shutdown orders they issued and thus are necessary parties to this action under §527.110 RSMo and Mo. R. Civ. P. 87.04." (ECF No. 23 at 1-5; *see also* ECF No. 12 at 5 ("One of the fundamental issues in this dispute is whether and how the shutdown orders apply to Plaintiffs' restaurants, which will necessarily require the deciding court to interpret the orders.")). Plaintiffs, however, mischaracterize their own lawsuit by claiming it involves an interpretation of the shutdown orders. Plaintiffs allege that the shutdown orders forbade "all in-premises access to Seoul Taco restaurants to the general public." (Petition, ¶19). Plaintiffs specifically identify the "actual controversy" in this case: "Plaintiffs contend, and Cincinnati Insurance disputes that: (1) the shutdown orders described above constitute a forced suspension of operations and prohibition of access to the Insured Premises; (2) the shutdown orders and uncontrolled spread of the COVID-

---

[3] Plaintiffs contend that they did not name the governmental authorities responsible for shutdown orders in areas other than the City of St. Louis because they originally filed their case in the City of St. Louis, and the Circuit Court of the City of St. Louis does not have jurisdiction over areas outside of the City of St. Louis. (ECF No. 12 at 3 (citing R. S. Mo. §508.060)).

19 Virus in the community triggers coverage because the Policy does not exclude damages caused by viral pandemics, and actually extends coverage for such loss or damage under the business suspension and civil authority provisions of the Policy; and (3) Cincinnati Insurance is obligated to pay the full and actual amount of Plaintiffs' loss of business income and extra expenses incurred during the periods of coverage under the Policy." (Petition, ¶36). Plaintiffs have not alleged that any of these orders, including the St. Louis City Orders, exceeded the government's authority or were improperly or unconstitutionally enacted. (Petition, ¶¶19-26). Rather, the only issue in this case is whether these losses and damages as a result of these shutdown orders constitute a covered loss under Plaintiffs' policy with The Cincinnati Insurance Defendants. (Petition, ¶¶27-38). Thus, even under their own interpretation of their Petition, Plaintiffs are not alleging that the shutdown orders were ambiguous or that the St. Louis City Defendants can elucidate the meaning or implications of those orders for Plaintiffs' restaurants. Rather, all parties agree that the issue is whether the forced shutdown of Plaintiffs' restaurants triggers relief under Plaintiffs' policies with the Cincinnati Insurance Defendants. The Court disregards the St. Louis City Defendants, finding they have "no real connection with the controversy." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell,* 232 U.S. 146, 152 (1914)). Thus, no cause of action exists against the St. Louis City Defendants on the face of Plaintiffs' Petition. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) ("Fraudulent joinder exists if, on the face of plaintiff's state court pleadings, no cause of action lies against the resident defendant.").

For the foregoing reasons, the Court concludes that the citizenship of nominal St. Louis City Defendants must be disregarded for purposes of federal diversity jurisdiction. As a result, complete diversity of citizenship is present among the real parties in interest, Plaintiffs Seoul

Taco restaurants and The Cincinnati Insurance Defendants, and Plaintiffs' Motion to Remand will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file their responses to Defendants The Cincinnati Insurance Company, The Cincinnati Casualty Company, The Cincinnati Indemnity Company and Cincinnati Financial Corporation's Motion to Dismiss (ECF No. 15) and Defendants City of St. Louis and Fredrick Echols' Motion to Dismiss (ECF No. 26) within fourteen (14) days.[4]

Dated this 16th day of December, 2020.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court does not prejudge these Motions to Dismiss, but understands that they may have implications on this Court's instant Order. If the Court finds that the Defendants City of St. Louis and Fredrick Echols' Motion to Dismiss (ECF No. 26) is not well-founded, the Court will reconsider the Motion to Remand.